**DONE and SIGNED September 20, 2017.**



_____
**JOHN W. KOLWE**
**UNITED STATES BANKRUPTCY JUDGE**
_____

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

IN RE:                                                                                       CASE NO: 16-80392
     MID-STATE PLUMBING, INC.
         Debtor(s)

**FINDINGS OF FACT AND CONCLUSIONS OF LAW
IN SUPPORT OF ORDER CONFIRMING IMMATERIAL
MODIFICATION TO SECOND AMENDED PLAN OF
REORGANIZATION DATED APRIL 30, 2017**

This matter came before the Court on July 19, 2017, for hearing on the Second Amended Plan of Reorganization Filed by Debtor in Possession Dated April 30, 2017. Appearances were made by L. Laramie Henry, counsel to the debtor in possession, Richard H. Drew, trial attorney for the Office of the US Trustee; and Stephen D. Wheelis, counsel to Evangeline Bank and Ford Motor Credit. The debtor's representative, Michael S. Miller, also appeared and testified in favor of the plan.

After the hearing, the debtor filed an immaterial modification to the plan as well as an amended ballot summary. The ballot summary reflects that two ballots were cast. Class 1 voted

to accept the plan and Class 4 voted to accept the plan. There were no other votes cast nor rejections of the plan.

After having considered the record in this case, the evidence presented at the hearing, the argument of counsel, the resolution of all outstanding objections to confirmation and motion(s) to dismiss or convert the case, the acceptance of the plan by all creditors having cast a ballot, and the lack of any rejection to the plan, the Court announced that it would confirm the plan as it would be immaterially modified. The Court hereby issues these *Findings of Fact and Conclusions of Law in Support of Order Confirming Immaterial Modification to Second Amended Plan of Reorganization Dated April 30, 2017* to supplement the oral findings made in open court on July 19, 2017. Accordingly, the Court finds and concludes as follows:

1. **Immaterial Modifications.** The modifications to the Amended Plan were immaterial modifications of the Amended Plan within the purview of 11 U.S.C. 1127 and applicable case law. Therefore, the votes of creditors and holders of equity interests for the Amended Plan constitute the votes of creditors and holders of equity interest for the plan as immaterially modified. Hereinafter, the Court shall refer to the Amended Plan, as immaterially modified, as the "Plan".

2. **Jurisdiction.** This Court has jurisdiction over the Chapter 11 Cases pursuant to 28 U.S.C. § 1334. Venue is proper before this Court pursuant to 28 U.S.C. § 1408. Confirmation of the Plan is a "core" proceeding under 28 U.S.C. § 157(b)(2) and applicable case law, and this Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code.

3. **Notice.** The Amended Disclosure Statement Filed by Debtor in Possession Dated April 30, 2017 and the Plan were transmitted and served in compliance with the Bankruptcy

Rules and this Court's orders, and service thereof was adequate and sufficient to satisfy due process. All parties, including, without limitation, those taxing authorities, attorneys general, and other governmental units entitled to notice of the hearing to consider confirmation of the Plan and the deadline for submitting ballots and filing and serving objections to confirmation of the Plan, received adequate notice of the Plan and the Confirmation Hearing in accordance with the Bankruptcy Rules and have had an ample opportunity to appear and be heard with respect thereto. No other or further notice is necessary or required.

4. **Judicial Notice**. The Court takes judicial notice of the docket maintained in this case by the Clerk of Court, including, without limitation, all pleadings and other documents filed, all orders entered, and all evidence and arguments made, proffered, or adduced at hearings held before the Court in the Chapter 11 Case.

5. **Compliance with the Applicable Provisions of the Bankruptcy Code**. As set forth below, the Debtor has met its burden of proving the elements required under the Bankruptcy Code for confirmation of the Plan by a preponderance of the evidence.

6. **The Plan Complies with Section 1129(a)(1)**. The Plan complies with the applicable provisions of the Bankruptcy Code, thereby satisfying 11 U.S.C. § 1129(a)(1).

7. **Mandatory requirements of Section 1123(a).** The Plan complies with the mandatory provisions of 11 U.S.C. § 1123(a).

8. **Proper Classification of Claims and Equity Interests**. The Plan designates four (4) classes of claims and equity interests against the Debtor. The claims or equity interests placed in each class are substantially similar to other claims or equity interests, as the case may be, in such class. Valid business, factual, and legal reasons exist for separately classifying the various classes of claims and equity interests created under the Plan, and such classes do not unfairly

discriminate among holders of claims or equity interests. Thus, the Plan satisfies 11 U.S.C. §§ 1122 and 1123(a)(1).

9. **Specification of Unimpaired Classes**. The Plan specifies that Class 5 is unimpaired and is deemed to have accepted the Plan, thereby satisfying 11 U.S.C. § 1123(a)(2) of the Bankruptcy Code.

10. **Specification of Treatment of Impaired Classes**. Article IV of the Plan designates that each of Class 1 (Ford Motor Credit), Class 2 (IRS), Class 3 (WBL), and Class 4 (General Unsecured Claims) are impaired and specifies the treatment of claims and equity interests in those classes, thereby satisfying 11 U.S.C. § 1123(a)(3).

11. **Equal Treatment Within Classes**. The Plan provides for the same treatment for each claim or equity interests in a particular class unless the holder of a particular claim or equity interests in such class has agreed to a less favorable treatment of its claim or equity interests, thereby satisfying 11 U.S.C. § 1123(a)(4).

12. **Implementation of Plan**. Based upon the evidence presented, testimony proffered, and the records of the Chapter 11 Case, the Court believes the Plan provides adequate and proper means for implementation of the Plan, thereby satisfying 11 U.S.C. § 1123(a)(5).

13. **Non-Voting Securities**. The Plan does not provide for any non-voting securities.

14. **Selection of Managers**. The Plan provides, as of the effective date of the Plan, that Michael S. Miller shall continue to manage the reorganized Debtor. Considering the evidence presented, testimony proffered, and the records of the Chapter 11 Case, the Court believes that the selection of manager is not inconsistent with the interests of creditors and equity security holders and with public policy. Accordingly, the Plan satisfies the requirements of 11 U.S.C. § 1123(a)(7).

15. **Rule 3016(a)**. The Plan is dated and identifies the entities submitting it, thereby satisfying FED. R. BANKR. P. 3016(a).

16. **Additional Plan Provisions.** The provisions of the Plan are appropriate and not inconsistent with all other applicable provisions of the Bankruptcy Code.

17. **The Plan Complies with Section 1129(a)(2)**. The Debtor, as proponent of the plan, has complied with the applicable provisions of the Bankruptcy Code, thereby satisfying 11 U.S.C. § 1129(a)(2).

18. **Proper Debtor and Plan proponents**. The Debtor is the proper debtor pursuant to 11 U.S.C. § 109 and the proper proponent of the Plan pursuant to 11 U.S.C. § 1121(c).

19. **Compliance With Applicable Bankruptcy Code Provisions**. The Debtor has complied with applicable provisions of the Bankruptcy Code, except as otherwise provided or permitted by orders of the Court.

20. **Compliance With Solicitation Requirements**. The Debtor has complied with the applicable provisions of the Bankruptcy Code and the Bankruptcy Rules in transmitting the solicitation materials and in soliciting and tabulating votes on the Plan.

21. **Plan Proposed in Good Faith**. The Debtor has proposed the Plan in good faith and not by any means forbidden by law, thereby satisfying 11 U.S.C. § 1129(a)(3). In determining that the Plan has been proposed in good faith, the Court has examined the totality of the circumstances surrounding the filing of the Chapter 11 Case and the arms-length negotiations related to the formulation of the Plan. The Chapter 11 Case was filed and the Plan was proposed with the legitimate and honest purpose of continuing Debtor's plumbing business as a going concern. The Plan was formulated through negotiations involving the Debtor, Ford Motor Credit, State of Louisiana, the Internal Revenue Service, and the United States Trustee's office.

The Plan reflects the results of these good faith negotiations and is reflective of the interests of all of the Debtor estate's constituencies.

22. **Payments for Services or Costs and Expenses**. Except as otherwise provided or permitted by the Plan, any payment made or to be made by the Debtor for services or for costs and expenses in or in connection with the Chapter 11 Cases, or in connection with the Plan and incident to the Chapter 11 Cases, has been approved by, or is subject to the approval of, the Court as reasonable, thereby satisfying 11 U.S.C. § 1129(a)(4).

23. **Directors, Officers, and Insiders**. The Debtor complied with 11 U.S.C. §1129(a)(5). The Debtor's manager will be Michael S. Miller. His compensation is disclosed in the disclosure statement. Mr. Miller's continued management is in the best interest of the estate and is consistent with the interest of creditors and equity security holders and with public policy.

24. **No Rate Changes**. The Plan does not propose any rate changes that are subject to governmental regulation. Thus, 11 U.S.C. § 1129(a)(6) is not applicable and is deemed satisfied.

25. **Best Interests of Creditors.** The Plan satisfies 11 U.S.C. § 1129(a)(7) as each holder of a claim or equity interest in an impaired class either has accepted the Plan or will receive or retain under the Plan, on account of such claim or equity interests, property of a value, as of the effective date of the Plan, that is not less than the amount that it would receive if the Debtor were liquidated under chapter 7 of the Bankruptcy Code. The Court finds and concludes that the liquidation value under chapter 7 of the Bankruptcy Code would result in less distributions to or recovery on behalf of any holder of an unsecured claim.

26. **Acceptance of the Plan.** The Plan satisfies 11 U.S.C. § 1129(a)(8). Ballots were cast in Classes 1 and 4. Those classes voted to accept the plan. No ballots were cast in Classes 2 or 3. A class of creditor who did not cast a ballot at all is deemed to have accepted the plan. See

*In re Ruti-Sweetwater, Inc.*, 836 F.2d 1263 (10th Cir. Utah Jan. 8, 1988). There were no ballots cast which rejected the plan. Further, all objections to confirmation have either been withdrawn or have been satisfied by the immaterial modification to the Plan.

27. **Treatment of Administrative Claims**. The Plan's treatment of allowed administrative expense claims satisfies the requirements of 11 U.S.C. § 1129(a)(9). Except to the extent any entity entitled to payment of any allowed administrative expense claim agrees to a different treatment, the Plan provides that each holder of an allowed administrative expense claim will receive cash in an amount equal to such allowed administrative expense claim on the later of (A) the effective date of the Plan or (B) the first day after such administrative expense claim becomes payable pursuant to (i) any agreement between the Debtor and the holder of such administrative expense claim or (ii) by final order.

28. **Acceptance of at Least One Impaired Class**. The Plan satisfies 11 U.S.C. § 1129(a)(10). As evidenced by the Ballot Tabulation, Ford Motor Credit submitted a ballot in connection with its Class 1 claim, and voted to accept the Plan. Thus, at least one of the impaired class of claims with the right to vote to accept or reject the Plan has voted to accept the Plan and has accepted the Plan in requisite numbers and amounts without the need to include any acceptance of the Plan by any insider.

29. **Feasibility**. The Plan satisfies 11 U.S.C. § 1129(a)(11). Considering the evidence presented, testimony proffered, and the records of the Chapter 11 Case, the Court believes that Debtor has shown that the plan is feasible and is not likely to be followed by the liquidation, or the need for further financial reorganization, of the debtor or any successor to the debtor under the plan.

30. **Payment of Certain Fees**. All fees payable on or before the effective date under 28 U.S.C. § 1930 either have been paid or will be paid prior to the effective date. Accordingly, the Plan satisfies 11 U.S.C. § 1129(a)(12).

31. **Retiree Benefits.** There were no retirement benefits being paid by the Debtor at the time it filed its petition, and no retirement benefits were instituted during the operation of the Debtor in bankruptcy. Accordingly, the Plan satisfies 11 U.S.C. § 1129(a)(13).

32. **Debtor has no Domestic Support Obligation**. 11 U.S.C. § 1129(a)(14) is not applicable and is deemed satisfied.

33. **Debtor is not an individual**. 11 U.S.C. § 1129(a)(15) is not applicable and is deemed satisfied.

34. **Transfers under the plan.** All transfers of property under the plan are to be made in accordance with any applicable provisions of non-bankruptcy law that govern the transfer of property by a corporation or trust that is not a moneyed, business, or commercial corporation trust. Accordingly, the Plan satisfies 11 U.S.C. § 1129(a)(16).

35. **Principal Purpose**. The principal purpose of the Plan is neither the avoidance of taxes nor of Section 5 of the Securities Act of 1933, 15 U.S.C. § 77e, et seq. The Plan, therefore, satisfies the requirements of 11 U.S.C. § 1129(d).

36. **Good Faith Solicitation**. Based upon the record before the Court, the Debtor and its respective officers, directors, managers, members, affiliates, associates, employees, agents, attorneys, accountants, and other professionals have acted in good faith with respect to, and in compliance with, applicable provisions of the Bankruptcy Code in soliciting votes on the Plan and such solicitation is hereby determined to have been in good faith and in compliance with the

applicable provisions of the Bankruptcy Code and the foregoing are entitled to the protections afforded by 11 U.S.C. § 1125(e).

37. **Satisfaction of Confirmation Requirements**. The Plan satisfies all requirements for confirmation set forth in 11 U.S.C. § 1129(a). Therefore, the Court need not address the applicability 11 U.S.C. § 1129(b).

38. **Retention of Jurisdiction**. The Court finds and concludes that it may properly retain jurisdiction over, ienter alia, the matters set forth in Article X of the Plan.

39. The Court has independently reviewed these Findings and Conclusions and has determined that they should be issued as the ruling of the Court as Findings and Conclusions that supplement the Plan.

40. Sufficient cause exists to abrogate the stay of the effect of the Confirmation Order in accordance with Bankruptcy Rule 3020(e).

These Findings and Conclusions constitute the Court's findings of fact and conclusions of law pursuant to FED. R. BANKR. P. 7052, made applicable to this proceeding pursuant to FED. R. BANKR. P. 9014. To the extent any findings of fact constitute conclusions of law, they are adopted as such. To the extent any conclusions of law constitute findings of fact, they are adopted as such.

# # #

Respectfully Submitted:

/s/ L. Laramie Henry
L. Laramie Henry (#26,333)
Attorney at Law
P.O. Box 8536
Alexandria, LA 71306

Attorney for Mid-State Plumbing, Inc.